UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

BRUCE WILLIS,                        )
                                     )
    *Plaintiff,*                    )
v.                                   )        No.1:09-cv-148
                                     )        *Edgar*
CSX TRANSPORTATION, INC.,            )
                                     )
    *Defendant.*                    )

**MEMORANDUM**

Plaintiff Bruce Willis brings this action pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* and the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 against Defendant CSX Transportation, Inc. ("CSXT"). CSXT moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Court Doc. No. 4]. Plaintiff opposes the motion. [Court Doc. No. 7]. The court has reviewed the briefing, and the applicable law and has determined that the motion is ripe for review.

    **I.**    **Background**

Plaintiff's Complaint asserts that he was employed by CSXT on March 30, 2009 when he was severely injured while dismounting a locomotive near Tullahoma, Tennessee in the course of his duties. [Court Doc. No. 1, Complaint]. The Complaint alleges that CSXT was negligent in maintaining the locomotive and that the negligence contributed to Plaintiff's injury. Defendant moves to dismiss because the Complaint fails to describe CSXT's alleged negligence in any detail, fails to identify the unsafe conditions on the locomotive, and fails to indicate how

the allegedly unsafe conditions caused Plaintiff's injuries.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has recently explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555, 127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S.

265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

In order to "survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). However, following *Twombly* the U.S. Supreme Court decided *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007). In *Erickson* the Supreme Court reminded lower courts of liberal pleading standards:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "

*Erickson*, 551 U.S. at 93, 127 S.Ct. at 2200 (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)) .

The Sixth Circuit has chosen to "read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).

However, the Supreme Court has recently clarified that *Twombly* is not limited "to pleadings made in the context of an antitrust dispute." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct. 1937 (2009). The Court emphasized that "though *Twombly* determined the sufficiency of a

complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard 'in all civil actions,' and it applies to antitrust and discrimination suits alike." ___ U.S. at ___, 129 S.Ct. at 1953 (quoting *Twombly*, 550 U.S. at 555-556, 127 S.Ct. 1955). The Court in *Iqbal* indicated the Rule 8 pleading standards that apply to all cases:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949-50.

**III. Analysis**

45 U.S.C. § 51 provides in relevant part:

-4-

> Every common carrier by railroad while engaging in commerce between any of
> the several States or Territories . . . shall be liable in damages to any person
> suffering injury while he is employed by such carrier in such commerce, . . . for
> such injury or death resulting in whole or in part from the negligence of any of the
> officers, agents, or employees of such carrier, or by reason of any defect or
> insufficiency, due to its negligence, in its cars, engines, appliances, machinery,
> track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.

The Locomotive Inspection Act provides that:

> A railroad carrier may use or allow to be used a locomotive or tender on its
> railroad line only when the locomotive or tender and its parts and appurtenances –
> (1) are in proper condition and safe to operate without unnecessary danger of
> personal injury;
> (2) have been inspected as required under this chapter and regulations prescribed
> by the Secretary of Transportation under this chapter; and
> (3) can withstand every test prescribed by the Secretary under this chapter.

49 U.S.C. § 20701. The LIA does not allow for a cause of action independent of FELA. *See Hurst v. CSX Transportation, Inc.*, No. 3:07-0195, 2009 WL 47010, *3 n.1 (M.D. Tenn. Jan. 6, 2009). Instead, "the LIA supplements the FELA by imposing on interstate railroads a duty to provide safe equipment." *Munns v. CSX Transportation, Inc.*, 579 F.Supp.2d 924, 929 (N.D. Ohio 2008).

To state a claim pursuant to FELA, the plaintiff must demonstrate:

> (1) that he was injured while in the scope of his employment, (2) which
> employment is in furtherance of the railroad's interstate transportation business,
> (3) that his employer was negligent, and (4) that his employer's negligence played
> some part in causing the injury for which compensation is sought under FELA.

*Green v. River Terminal Railroad Co.*, 763 F.2d 805, 808 (6th Cir. 1985); *see also, Van Gorder v. Grand Trunk Western Railroad*, 509 F.3d 265 (6th Cir. 2007). As the Sixth Circuit has explained "[t]he Act requires a railroad company to provide its workers with 'a reasonably safe place in which to work and such protection [against the hazard causing the injury] as would be expected

-5-

of a person in the exercise of ordinary care under the circumstances." *Borger v. CSX Transportation, Inc.*, 571 F.3d 559, 563 (6th Cir. 2009) (quoting *Aparicio v. Norfolk & Western Railroad Co.*, 84 F.3d 803, 810 (6th Cir. 1996), *abrogated on other grounds by Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149, 120 S.Ct. 2097 (2000)). Generally, "[t]o prevail on a FELA claim, a plaintiff must 'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" *Adams v. CSX Transportation, Inc.*, 899 F.2d 536, 539 (6th Cir. 1990) (quoting *Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987)); *see also, Van Gorder*, 509 F.3d at 269. FELA "relaxes a plaintiff's standard of proof regarding causation." *Van Gorder*, 509 F.3d at 269. However, "the relaxed causation standard under FELA does not affect [plaintiff's] obligation to prove that [defendant] was in fact negligent." *Id.* In addition, "[a] general description of what caused plaintiff's injury suffices to bring a claim under the FELA." *Munns v. CSX Transportation, Inc.*, 579 F.Supp.2d at 930.

To state a claim pursuant to the LIA, which imposes strict liability on railroad carriers, a plaintiff must demonstrate: (1) the locomotive was "in use" during the time of injury; (2) the locomotive must be located on the defendant's railroad track at the time of injury; and (3) the condition of the locomotive created an unnecessary risk of personal injury. *Munns*, 579 F.Supp.2d at 932.

> In this case the Plaintiff asserts the following facts relating to his claim:
>
> On or about March 30, 2009, Plaintiff was an employee of Defendant CSXT. On or about said date, while so employed in the regular course of his duties, Plaintiff was injured at or near Tullahoma, Tennessee, in the Eastern District of Tennessee. On or about said date, while performing his job activities for CSXT in the State of Tennessee, Plaintiff was injured as a result of the negligence of Defendant CSXT, its agents, and/or employees. On or about said date, while performing his job activities for CSXT, Plaintiff was dismounting a locomotive when, as a result of improper and/or unsafe conditions, he was caused to fall. As a result of improper

-6-

> and/or unsafe conditions of the locomotive and resulting fall, Plaintiff was
> severely injured, including, but not limited to, injuries to his knee and leg, and the
> bones, tissues, ligaments, and internal parts thereof.

Complaint, ¶¶ 13-16. The Complaint further asserts that Defendant is engaged in activities affecting interstate commerce. *Id.* at ¶ 11.

The Complaint does not provide more than a cursory review of the factual circumstances surrounding Plaintiff's alleged injury or of the unsafe conditions present on Defendant's locomotive, along with a recitation of the basic necessary elements of a FELA claim and an LIA claim. However, a basic recitation of elements does not suffice to state an adequate claim for relief following the *Iqbar* and *Twombly* decisions. In addition, bare legal conclusions, such as the allegation that CSXT was negligent, also do not suffice to state a claim for relief following the Supreme Court's recent analysis of Rule 8 pleading standards.

Plaintiff asserts that he was an employee of CSXT, who was working on March 30, 2009 when he became injured near Tullahoma, Tennessee while performing his job activities. He alleges that he was dismounting the Defendant's locomotive when he fell. Plaintiff does not provide any context for what the allegedly unsafe conditions on the locomotive were, how he injured himself, or how CSXT was allegedly negligent in its maintenance of the railcar. In *Erickson* the Supreme Court reiterated that "[s]pecific facts are not necessary." 551 U.S. at 93, 127 S.Ct. at 2200. However, bare legal conclusions are not sufficient to state a claim, and Plaintiff has failed to provide enough facts to support his allegation of employer negligence. Plaintiff should also heed the elements necessary to state a claim pursuant to the LIA and describe in the necessary detail the facts of his injury sufficient to fit his claim within the elements of the LIA claim.

-7-

Although Plaintiff's Complaint does not provide sufficient descriptions of the facts supporting his claims, this court will **RESERVE RULING** on Defendant's motion to dismiss in order to provide Plaintiff with an opportunity to amend his complaint to describe his claims with more factual specificity. The Plaintiff has alleged that he was an employee of CSXT, who was injured while performing his job duties due to CSXT's negligence, and the court finds that, if supported by essential facts rather than bare legal conclusions, Plaintiff may be able to state a plausible claim for relief in an amended complaint. Therefore, the Court will require Plaintiff to file a motion to amend his complaint by September 11, 2009 or risk dismissal of his claims.

**IV.    Conclusion**

As described *supra*, the court will **RESERVE RULING** on Defendant's motion to dismiss. Plaintiff has until September 11, 2009 to move to amend his complaint or risk dismissal of his claims.

A separate order will enter.

>     */s/ R. Allan Edgar*
>     R. ALLAN EDGAR
> UNITED STATES DISTRICT JUDGE